

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 5 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ANTONIO J. ASCENCIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:02-CV-0266 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On September 19, 2002, petitioner ANTONIO J. ASCENCIO filed with this Court a

Petition for a Writ of Habeas Corpus by a Person in State Custody.  By his habeas application,

petitioner challenges a June 14, 2002 prison disciplinary action in which the punishment imposed

consisted of a 45 day commissary restriction, 15 day recreation restriction, 15 day cell restriction, a

reduction in line class status from a L2 to L3, and the loss of 35 days of good time credits

For the reasons hereinafter set forth, it is the opinion of the undersigned United States

Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

I.
### EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the

---

[1]The previously named respondent in this action was Janie Cockrell who has since been succeeded by Douglas Dretke
as Director of the Texas Department of Criminal Justice, Institutional Division.  Under Federal Rule of Civil Procedure 25(d)(1),
Douglas Dretke "is automatically substituted as a party."

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

As argued by respondent, petitioner attempted to file Step 1 and Step 2 grievances in an attempt to appeal the finding of guilt through the prison or TDCJ grievance procedure. However, such "appeals" were returned to petitioner unprocessed because they were untimely. Respondent has moved for dismissal and petitioner has failed to file a reply brief or any other rebuttal. It thus appears to the Court that petitioner's claims were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting his claims to state authorities. For this reason, his petition for a writ of habeas corpus should be dismissed.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

---

[2] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988).

United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State

Custody filed by petitioner ANTONIO J. ASCENCIO be DISMISSED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____/5th___ day of April 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).